Sareen Bezdikian (SBN 229165)
Email: sareen@bezdikkassab.com
Raffi Kassabian (SBN 260358)
Email: raffi@bezdikkassab.com
**BEZDIK KASSAB LAW GROUP**
790 E. Colorado Blvd., 9th Floor
Pasadena, CA 91101
Telephone: +1 626 499 6998
Facsimile: + 1 626 499 6993

Attorneys for Plaintiff
Mardig Taslakian, Individually and On
Behalf of All Others Similarly Situated

BEZDIK KASSAB LAW GROUP

# UNITED STATE DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARDIG TASLAKIAN, Individually and On Behalf of All Others Similarly Situated, | Case No.: |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** |
| vs. | **(1) CA BUS. & PROF §§ 17500,** *ET SEQ.***;** |
| TARGET CORPORATION, a Minnesota corporation; TARGET BRANDS, INC., a Minnesota corporation, and DOES 1 through 10, inclusive, | **(2) CA BUS. & PROF. §§ 17200,** *ET SEQ.***;** **(3) NEGLIGENT MISREPRESENTATION;** **(4) INTENTIONAL MISREPRESENTATION; AND** **(5) CA CIVIL CODE §§ 1750,** *ET SEQ.***;** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.  Plaintiff Mardig Taslakian ("Plaintiff") files this class action lawsuit to enjoin

BEZDIK KASSAB LAW GROUP

Defendants Target Corporation and Target Brands, Inc. (collectively, "Defendant" or "Target") from engaging in deceptive advertising and business practices concerning false and misleading promotion of its hand sanitizer product that purports to eliminate 99.99% of germs.

2.   Plaintiff purchased Target's product, an alcohol-based hand sanitizer marketed under Target's own brand name up & up (the "Hand Sanitizer" or the "product")[1].

3.   The Hand Sanitizer is advertised, marketed and sold as a product that "kills 99.99% of germs."

4.   The Hand Sanitizer is advertised, marketed and sold as to "Compare to Purell® Refreshing Aloe Advanced Hand Sanitizer" or "Compare to Purell® Refreshing Gel Advanced Hand Sanitizer."[2]

5.   Despite these representations, on information and belief, there are no reliable studies that support Target's representations.

6.   In fact, on January 17, 2020, the United States Food & Drug Administration ("FDA") wrote a warning letter to competitor national brand Purell (GOJO Industries Inc.) (the "Warning Letter[3]") – which Target's Hand Sanitizer explicitly compares itself to on its labeling and packaging as well as on Target.com – regarding its representations that its alcohol-based hand sanitizer kills 99.99% of germs and could prevent the flu and other viruses.  The FDA stated that it is not aware of "any adequate and well-controlled studies demonstrating that killing or decreasing the number of bacteria or viruses on the

---

[1] This lawsuit encompasses the putative class who purchased either the up & up hand sanitizer or the up & up hand sanitizer with aloe in varying sizes.

[2] Some of the prior up & up hand sanitizer bottles included language that said: "Compare to Purell®"

[3] *See* Warning Letter at https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/gojo-industries-inc-599132-01172020 (last viewed March 19, 2020)

CLASS ACTION COMPLAINT

skin by a certain magnitude produces a corresponding clinical reduction in infection or disease caused by such bacteria or virus."[4]

7. Similar to the Purell hand sanitizer, Target's Hand Sanitizer relies on 70% ethyl alcohol as the active ingredient in their hand-sanitizing products and Target itself compares its Hand Sanitizer to Purell's. Therefore, the FDA's Warning Letter, condemning Purell's misrepresentations that its hand sanitizer is intended for reducing or preventing the flu and other viruses, applies equally to Target's Hand Sanitizer. In fact, the FDA explicitly expanded its warning beyond Purell, stating that "we are not aware of a similar OTC [over the counter] product as formulated and labeled" that is supported by evidence that it prevents infection from the flu or other viruses.[5]

8. Despite this, Target has represented on its label that the Hand Sanitizer "kills 99.99% of germs."

9. By making this representation and by comparing its less expensive in-house private label product to the nationally known brand Purell's more expensive hand sanitizer, Defendant misleads consumers into believing its Hand Sanitizer is as effective as Purell's and can therefore prevent disease or infection from, for example, Coronavirus and flu, along with other claims that go beyond the general intended use of a topical alcohol-based hand sanitizer.

10. These misrepresentations allow Defendant to unlawfully increase its sales and have an economic edge over their competitors in the marketplace.

11. This conduct caused Plaintiff, and other similarly situated, damages, requiring restitution and injunctive relief to remedy and to prevent further harm.

12. Plaintiff makes the following claims based on personal knowledge, and, as to

---

[4] *See* Warning Letter at https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/gojo-industries-inc-599132-01172020 (last viewed March 19, 2020)

[5] *See* Warning Letter at https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/gojo-industries-inc-599132-01172020 (last viewed March 19, 2020)

CLASS ACTION COMPLAINT

all other matters, upon information and belief.

## **THE PARTIES**

13. Plaintiff MARDIG TASLAKIAN is a natural person residing in Los Angeles County, in the State of California.

14. Defendant TARGET CORPORATION is now, and at all times mentioned in this Complaint was, a Minnesota corporation which does and did business in its own capacity and/or through affiliates in the State of California at retail stores and distribution centers, as well as online.

15. Defendant TARGET BRANDS, INC. is now and at all times mentioned in this Complaint was a Minnesota corporation and is a wholly owned subsidiary of TARGET CORPORATION which does and did business in its own capacity and/or through affiliates in the State of California at retail stores and distribution centers, as well as online.

16. Defendant manufacturers and/or distributes various products, including hand sanitizers. Defendant conducts extensive business through Internet sales, including through the website Target.com and enjoys wide retail distribution at numerous stores throughout the United States and California.

17. The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein under the fictious name of DOES 1 through 10, inclusive, and their specific roles and improper actions if any, are unknown to Plaintiff, who, therefore sues defendants by such fictitious names. Plaintiff will ask leave of Court to amend this complaint and insert the true names and capacities of said defendants and pertinent additional facts when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as "Doe," at all times mentioned herein, is making or has made a claim to the subject funds described herein below, which is conflicting with the claims of named defendants herein.

BEZDIK KASSAB LAW GROUP

CLASS ACTION COMPLAINT

**JURISDICTION AND VENUE**

18. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA") because the amount in controversy in this case exceeds $5,000,000[6] as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief. *See* 28 U.S.C. §§ 1332(d).

19. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a resident and citizen of the State of California and Defendant is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Minnesota.

20. This Court has personal jurisdiction over the Defendant because Defendant conducts business in California and sold the subject product to Plaintiff, a California resident. Defendant has sufficient minimum contacts with this State, and otherwise purposely avails itself of the markets in this state through the promotion, sale and marketing of its products in this State, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

21. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. 1391 because Plaintiff resides in the County of Los Angeles, State of California the acts and transactions giving rise to this action occurred in this district.

**NATURE OF PLAINTIFFS' CLAIMS**

22. Target is one of the most recognized brands in the United States.

23. On information and belief, as of the date of the filing of this Complaint,

---

[6] On information and belief, Defendant sells the Hand Sanitizer in its brick and mortar stores and online throughout California. Based upon the advertised price of Defendant's Hand Sanitizer and its statewide availability, Plaintiff is informed, believes, and thereon alleges the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d).

BEZDIK KASSAB LAW GROUP

Target is the 8th largest retailer in the United States with over 1,800 brick and mortar stores across the country. At all times alleged herein, Target was and is a national retail discount mass marketing icon of consumer goods.

24. On information and belief, as of the date of this filing, California is the state with the most number of Target brick and mortar stores in the country, with approximately 300 locations, making up 15% of all Target locations in in the U.S.  On its corporate website, Target claims that "75% of the U.S. population lives within 10 miles of a Target store."[7]

25. Defendant Target Brands Inc. is Target's brand management division that oversees the company's private label products, including up & up, which offers essential commodities, including healthcare products such as the subject Hand Sanitizer.

26. The up & up brand claims to offer products of equal quality to national brands at a fraction of the cost, as for example, Purell.

27. At all times relevant hereto, Defendant made and continues to make affirmative misrepresentations regarding its Hand Sanitizer, which it manufactures, markets and sells in its stores and online through its own website.

28. Defendant bottles the Hand Sanitizer in different units of 2, 8, and 32 fluid ounce bottles, for individual use.[8]

29. Defendant advertised, marketed, packaged, and sold its Hand Sanitizer to Plaintiff and other consumers similarly situated in California with the false representation that its Hand Sanitizer "kills 99.99% of germs.*"

30. The packaging and labeling on the back of the Hand Sanitizer bottle states

---

[7] *See* https://corporate.target.com/about (last viewed March 19, 2020)

[8] *See* https://www.target.com/p/aloe-hand-sanitizer-gel---32-fl-oz---up--38-up--8482-/-/-A-14950568 (last viewed March 19, 2020)

CLASS ACTION COMPLAINT

BEZDIK KASSAB LAW GROUP

that it is "Effective at eliminating more than 99.99% of many common harmful germs and bacteria in as little as 15 seconds."[9]

31. Defendant advertised, marketed, packaged and sold its Hand Sanitizer by stating that the product "Compare to Purell® Refreshing Aloe Advanced Hand Sanitizer**" or "Compare to Purell® Refreshing Gel Advanced Hand Sanitizer**." The label found on the back of the product states that "**This product is not manufactured or distributed by GOJO Industries, Inc. distributor of Purell® Refreshing Aloe Advanced Hand Sanitizer" or that "**This product is not manufactured or distributed by GOJO Industries, Inc. distributor of Purell® Gel Advanced Hand Sanitizer."

32. On Target.com, the product description for the Hand Sanitizer with aloe 8 and 32 fluid ounce states:

**Embrace a germ-free environment with the Hand Sanitizer with Aloe from up & up™. Formulated to kill up to 99.99% of germs, this liquid hand sanitizer is enriched with the natural goodness of aloe to hydrate hands and keep them smooth and supple after each use. Free from parabens and aluminum, this gel hand sanitizer is poured in a handy pump bottle that releases just the right amount you need for each application, making for easy on-the-go use.**

**100% Satisfaction Guaranteed.[10]**

33. On Target.com, the product description for the Hand Sanitizer (without aloe) 8 and 32 fluid ounce states:

---

[9] As explained in the Warning Letter, Purell® Healthcare Advanced Hand Sanitizer website states that its product "Kills more than 99.99% of most common germs that may cause illness in a healthcare setting, including MRSA & VRE."

[10] *See* https://www.target.com/p/aloe-hand-sanitizer-gel-32-fl-oz-up-38-up-8482/-/A-14950568 (last viewed March 19, 2020)

CLASS ACTION COMPLAINT

BEZDIK KASSAB LAW GROUP

BEZDIK KASSAB LAW GROUP

**Keeps germs at bay with ease with the help of the Hand Sanitizer from up & up™. Formulated to kill up to 99.99% of germs, this paraben- and aluminum-free liquid hand sanitizer eliminates germs with just one pump while being gentle on your skin. This gel hand sanitizer is poured in a handy pump bottle that releases just the right amount you need for each application, making for easy on-the-go use.**

**100% Satisfaction Guaranteed.[11]**

34. On Target.com, the product description for the Hand Sanitizer (with aloe), in the 2 fluid ounce states:

**No matter where your day takes you, you can stay clean and germ-free with the Hand Sanitizer with Aloe - 2 fl oz - Up&Up™™. This effective antibacterial product knocks out nasty germs with ease and leaves behind the cooling, soothing sensation of nourishing aloe.[12]**

35. On Target.com, two of the "Highlights" of the 8 and 32 fluid ounce Hand Sanitizer that Target features and represents for the Hand Sanitizer *with* aloe is: **"Compare to Purell® Refreshing Aloe Advanced Hand Sanitizer"** and **"Hand sanitizer with aloe kills up to 99.99% of germs"**.

36. On Target.com, two of the "Highlights" of the 8 and 32 fluid ounce Hand Sanitizer that Target features and represents for the Hand Sanitizer *without* aloe is: **"Compare to Purell® Refreshing Gel Advanced Hand Sanitizer"** and **"Hand sanitizer kills up to 99.99% of germs"**.

---

[11] *See* https://www.target.com/p/hand-sanitizer-32-fl-oz-up-38-up-8482/-/A-11634442 (last viewed March 19, 2020)

[12] *See* https://www.target.com/p/hand-sanitizer-with-aloe-2-fl-oz-up-38-up-8482/-/A-11634441 (last viewed March 19, 2020)

CLASS ACTION COMPLAINT

37. On Target.com, two of the "Highlights" of the 2 fluid ounce Hand Sanitizer Target features and represents for the Hand Sanitizer *with* aloe is: **"Compare to Purell® Refreshing Aloe Hand Sanitizer"** and **"Kills 99.9% of germs on contact".**

38. Target does not provide, nor is there any basis, for Defendant's claim that the Hand Sanitizer is as effective as it purports to state.

39. Despite the foregoing, Defendant sells the Hand Sanitizer to consumers knowing and intending that these consumers use the product to kill 99.99% of germs and knowing and intending that, Target is financially benefiting by comparing its Hand Sanitizer to Purell's more expensive product and implying that its Hand Sanitizer can also just as effectively eliminate the flu and viruses.

40. Target.com also contains reviews and experiences of consumers.  Many of these reviews include testimonials that also demonstrate consumers utilizing the Hand Sanitizer for their own personal use.  Some of these reviews for the Hand Sanitizer *with* aloe include the following:

> Works great! Doesn't dry out hands & just as good if not better than the competitor!

> Works exactly the same as Germx or purell but is way cheaper than those. Love it♡

> Love this! Don't waste your money on Purell. :)

> There is not a bit of difference in quality but I like the mild scent & better price.

> We travel a lot and always carry small bottles of hand sanitizer. Rather than continuing to buy small bottle, which becomes costly and is not good for the environment, we purchased this huge one and will use it to refill the small ones we already have. We love Target brands and this product is no different. Why spend more on name brand? Hand santizer is hand sanitizer. Aside from maybe a difference in smell, the make up is the same. No need to spend a fortune on this stuff. They all work the same.

> Works just as well as bigger named brands, without the higher cost.

BEZDIK KASSAB LAW GROUP

Good for the price. Haven't noticed a difference from name brand.

Great product great price! Target truly has some of the lowest prices on the best things[13]

41. Some of the reviews for the Hand Sanitizer *without* aloe include:

Great value and to is it is just as good as the name brand. Great to keep around the house during cold and flu season.

It's nice to have it be less expensive compared to others. I buy this size because we go thru it so fast. It works great, it's convenient, and doesn't leave ur hands dry.

I love this stuff. Its as good if not better than the name brand stuff , in my opinion. Why pay so much more it? it has all the same stuff in it. Its thick and works very well. it lasts a long time and its much less expensive to purchase. the scent is milder too. i find the name brand is a little over powering actually.. i like this better

Works just as well as more expense brands. I like the neutral styling as I keep one in each bathroom as I like to wash my hands normally and then use sanitizer after to really help keep germs away. I buy the small ones and then refill with the bigger ones once empty.

I buy this over Purell. Call me Frugal Fran, but this is better. This is cheaper and still serves the same purpose.

We used those in our state board kit for cosmetology student. Same thing than name brand but way better in pricing.

Works as well as, if not better, than the named brand. Perfect for my classroom and my budget

---

[13] *See* https://www.target.com/p/aloe-hand-sanitizer-gel---32-fl-oz---up--38-up--8482-/-/A-14950568 (last viewed March 19, 2020)

CLASS ACTION COMPLAINT

BEZDIK KASSAB LAW GROUP

Cleans hands just the same as the name brand

The Up & Up Hand Sanitizer 32 ounce is a great value. I think it works just as well as other brands of sanitizer, and I would purchase again.

We use this in an engineering office daily. We have core samples that need to be studied and quite frankly our hands get dirty often. The store brand is as good as the name brands and is less expensive, especially since we use a 32 oz. bottle every 1-3 days. It is easier to use this item than going to the restroom and washing you hands several times a day. Also, the hand sanitizer does not dry out your hands like washing with liquid soap does, which is what is in the office restrooms[14]

42. Defendant's misrepresentations that the Hand Sanitizer kills 99.99% of germs caused Plaintiff and similarly situated California consumers to purchase and to use the Hand Sanitizer, although the FDA considers it to be unapproved for the purpose represented by the Defendant on its labeling.  Such claims also misled Plaintiff and the class members and gave Defendant the unfair advantage to gain economic advantage over its competitors in the marketplace.

43. These underlying claims are the predicate for violation of various California statues alleged herein.

## FACTUAL ALLEGATIONS

44. Plaintiff re-alleges and incorporates by reference all of the above paragraphs in the Complaint as though fully stated herein.

45. Defendant manufactures, markets, advertises and sells up & up Hand Sanitizer, which is Target's in-house brand of alcohol-based hand sanitizers.

46. Defendant sells the Hand Sanitizer across the country, including California, through its brick and mortar stores and its website Target.com.

---

[14] https://www.target.com/p/hand-sanitizer-32-fl-oz-up-38-up-8482/-/A-11634442 (last viewed March 19, 2020)

BEZDIK KASSAB LAW GROUP

47. Defendant's advertising and marketing attracts consumers by holding out its product as killing over 99.99% of germs.

48. By making such a representation and by comparing it to Purell on its labeling, the Hand Sanitizer implicitly represents that its product is as effective as Purell's, addresses the consumers' concerns of catching the flu or other viruses and suggests that by using the Hand Sanitizer, the consumer will no longer contract such a disease.

49. Target uses indirect statements to give an unfair, deceptive, untrue or misleading impression to the consumer that the Hand Sanitizer can prevent the flu and other viruses.

50. Defendant markets and advertises the Hand Sanitizer on its website and brick and mortar stores.

51. Target is aware that consumers' fear of flu and other viruses, together with Defendant's implied misrepresentations that it prevents such diseases and illnesses, drives sales and, as a result, earns profits for the company.

52. However, as Defendant should know, since it compares its product to Purell's hand sanitizer, as the FDA Warning Letter has confirmed, there are no "adequate and well-controlled studies" supporting a representation that alcohol-based hand sanitizers produce a clinical reduction in infection or disease of the flu or other viruses.

53. The Warning Letter states that "No FDA approved applications pursuant to section 505 of the Act, 21 U.S.C. 355, are in effect for your PURELL® Healthcare Advanced Hand Sanitizers, nor are we aware of any adequate and well controlled clinical trials in the published literature that support a determination that PURELL® Healthcare Advanced Hand Sanitizers are generally recognized as safe and effective for use under the conditions suggested, recommended, or prescribed in their labeling."[15]

---

15 *See* Warning Letter https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/gojo-industries-inc-599132-01172020 (last visited March 19, 2020)

54. Other scientific studies have shown that alcohol-based hand sanitizers like Target's Hand Sanitizer are not effective for the prevention of the flu and other viruses.[16]

55. At the time Plaintiff purchased Defendant's product, Plaintiff believed and relied upon the representations, including on Defendant's product's labels and website, that the Hand Sanitizer killed 99.99% of germs.

56. On information and belief, Defendant's Hand Sanitizer's label, packaging, marketing, and advertising materials are prepared and/or approved by Defendant and/or its agents.

57. As mentioned in detail above, there is no evidence that Defendant's Hand Sanitizer prevents disease or reduces illness.

58. The "FDA is currently not aware of any adequate and well-controlled studies demonstrating that killing or decreasing the number of bacteria or viruses on the skin by a certain magnitude produces a corresponding clinical reduction in infection or disease caused by such bacteria or virus."[17]

59. By Defendant stating that its product kills 99.99% of germs, it is actually stating that the product kills 99.99% of bacteria and viruses.

60. Defendant's product is misleading by marketing its as preventing disease and reducing illness.

61. Defendant knew, or in the exercise of reasonable care, should have known that the Hand Sanitizer's label and advertising materials were misleading or false.

62. As a result of Defendant's conduct, Plaintiff and other consumers similarly situated purchased and overpaid for Defendant's product because they wrongly believed that the product killed 99.99% of germs.

63. Plaintiff would not have purchased Defendant's Hand Sanitizer but for the

[16] *See* https://www.asm.org/Press-Releases/2019/September-1/Towards-Better-Hand-Hygiene-for-Flu-Prevention (last visited March 19, 2020)

[17] *See* fn 2, *supra.*

CLASS ACTION COMPLAINT

misrepresentations on the product's label.

64. Plaintiff and other similarly situated were exposed to and relied upon the same material misrepresentations made in California, including on Defendant's product's label and Defendant's website.

65. As a result of Defendant's false and misleading statements and failures to disclose, Plaintiff, and other similarly situated consumers purchased tens or hundreds of thousands of Defendant's Hand Sanitizer, and have suffered, and continue to suffer, injury in fact through the loss of money and/or property.

66. Included within the demands of this Complaint are any products manufactured by Defendant's up & up brand, which are characterized by Defendant as "hand sanitizers."

67. By filing this class action complaint, Plaintiff, on behalf of himself and class members, is seeking equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of Target's alleged conduct.

## PLAINTIFF MARDIG TASLAKIAN'S CLAIM

68. On March 27, 2017, Plaintiff purchased a 32 fluid ounce pump bottle of Defendant's Hand Sanitizer with aloe at Target's North Hollywood, California store.

69. This purchase was made with Plaintiff's Wells Fargo Visa Branded debit card.

70. Prior to purchasing the product, Plaintiff viewed the labeling on the product that contained misrepresentations by Defendant that the product kills 99.99% of germs and relied upon that representation when deciding to purchase the Hand Sanitizer.

## CLASS ACTION ALLEGATIONS

71. Plaintiff re-alleges and incorporates by reference all of the above paragraphs in the Complaint as though fully stated herein.

72. Plaintiff brings this action on behalf of himself, and on behalf of all others similarly situated, against Defendant, pursuant to Federal Rules of Civil Procedure ("FRCP") 23(a) and (b)(2) and/or (b)(3).

BEZDIK KASSAB LAW GROUP

73. Subject to further investigation and/or discovery, the proposed class (the "Class") is comprised of all persons within California who purchased the up & up Hand Sanitizer with and/or without aloe, in any size, within the four year period prior to the filing of this Complaint for personal use and not for resale, excluding Defendant and Defendant's officers, directors, employees, agents, affiliates and the Court and its staff.

74. Excluded from the Class are Defendant and any of its officers, directors and employees, or anyone who purchased Defendant's Hand Sanitizer for the purpose of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

75. The "Class Period" means four years prior to the filing of the Complaint in this action.

76. The proposed Class meets all criteria for a class action, including numerosity, ascertainability, typicality, adequacy of representation, predominance and superiority.

77. The proposed Class satisfies **numerosity**. Plaintiff is informed and believes that the Hand Sanitizer is sold in hundreds of Target's California brick and mortar stores as well as on its website Target.com with over 100 customer reviews, and on that basis, Plaintiff alleges that the putative Class consists of hundreds, if not thousands of members. Individual joinder of the Class members is impractical. Addressing the Class members' claims through this class action will benefit Class members, the parties, and the courts.

78. The proposed Class satisfies **ascertainability.** The members of the Class are readily ascertainable from Defendant's or their agents' own records of retail and online sales, including receipts, and through public notice.

79. The proposed class satisfies **typicality.** Plaintiff's claims are typical of and are not antagonistic to the claims of other Class members. Plaintiff and the Class members all purchased the Hand Sanitizer from Target's brick and mortar stores or

BEZDIK KASSAB LAW GROUP

Target.com after relying on the deceptive labeling, and were deceived by the false and deceptive labeling, and lost money as a result.  Plaintiff is advancing the same claims on behalf of himself and the members of the Class.  Defendant has no defenses unique to the Plaintiff.

80. The proposed Class satisfies **superiority.**  A class action is superior to any other means for adjudication of the Class members' claims because each Class member's claim is modest, based on the Hand Sanitizer's retail purchase prices which are generally and approximately under $5.00 per unit. It would be impractical for individual Class members to bring individual lawsuits to vindicate their claims. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system.  It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them.  The damages suffered by each individual Class member may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against Defendant.  Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court.  The class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

81. The proposed Class satisfies the **predominance of common questions of law and fact** as all members of the Class have been subject to the same conduct and their claims are based on the same standardized marketing, advertisements and promotions.  The common legal and factual questions include, but are not limited to, the following:

a.  Whether the Hand Sanitizer was actually advertised as killing 99.99% of germs;

b. Whether Defendant's representations, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

c. Whether Defendant's conduct violates Civil Code §§1750, *et. seq.*;

d. Whether Defendant's advertising is false, untrue, or misleading as defined in Business & Professions Code §§ 17500, *et seq.*;

e. Whether Defendant's advertising is unfair, deceptive, untrue or misleading as defined in Business & Professions Code §§ 17200, *et seq.*;

f. Whether Defendant acted negligently or intentionally in misrepresenting that the Hand Sanitizer kills 99.99% of germs as advertised on the label;

g. Whether Defendant, through its misconduct, earned profit that, in equity and good conscience, belongs to the Plaintiff and Class members;

h. Whether the Plaintiff and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

i. Whether the Plaintiff and the putative Class members are entitled to injunctive relief.

82. Plaintiff will fairly and adequately protect the interests of the members of the putative Class. Plaintiff has retained counsel experienced in consumer law. Plaintiff has no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and the proposed Class.

83. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to advertise, market, promote and sell the Hand Sanitizer in an unlawful and misleading manner, and

members of the Class will continue to be misled, harmed, and denied their rights under California law.

84. Defendant has acted on grounds applicable to the entire Class, making final injunctive relief or declaratory relief appropriate for the Class as a whole.

85. Class treatment is therefore appropriate under FRCP Rule 23.

86. Class damages will be adduced at trial through expert testimony and other Competent evidence.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF CA BUS. & PROF. CODE §§ 17500, *ET SEQ.*

### (As Against Defendant and DOES 1-10)

87. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the paragraphs above, as though fully set forth herein.

88. Pursuant to Business & Professions Code § 17506, Plaintiff and Defendant are "person[s]" under the statute.

89. Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

90. Defendant represents that its Hand Sanitizer kills 99.99% of germs, when, in fact, there is no legitimate evidence that the product does so.

91. These misrepresentations, acts, and non-disclosures by Defendant constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, *et seq.*

92. At all relevant times, Defendant's advertising and promotion of its product were, and are, untrue, misleading and likely to deceive the reasonable consumer and the public. In fact, Defendant did deceive Plaintiff and the putative Class members by representing that its product killed 99.99% of germs.  However, Defendant knew that there is no valid basis that its product killed 99.99% of germs.

93. Defendant engaged in the false and/or misleading advertising and marketing of

BEZDIK KASSAB LAW GROUP

its product, as alleged herein, with the intent to directly or indirectly induce consumers to purchase the Hand Sanitizer, which Defendant knew, or had reason to know, did not kill 99.99% of germs.

94. Because Defendant knew or should have known that the representations and/or omissions alleged herein were untrue or misleading, Defendant acted in violation of Business & Professions Code §§ 17500, *et seq.*

95. Had Defendant truthfully advertised that its Hand Sanitizer did not kill 99.99% of germs, Plaintiff and the putative Class members would not have purchased the product or would have purchased a different product from another manufacturer.

96. This false and misleading advertising of the product by Defendant presents a continuing threat to consumers; as such conduct is ongoing to this day.

97. As a direct and proximate result of the aforementioned acts and omissions by Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and the putative Class, who were led to purchase Defendant's product during the Class Period.

## SECOND CAUSE OF ACTION

### VIOLATIONS OF CA BUS & PROF CODE §§ 17200 *ET SEQ.*

### (As Against Defendant and DOES 1-10)

98. Plaintiff re-alleges and hereby incorporates by reference each and every foregoing allegation, as though fully set forth herein.

99. Pursuant to Business & Professions Code § 17201, Plaintiff and Defendant are a "person".

100. Business & Professions Code § 17204 permits a private right of action on both an individual and representative basis.

101. "Unfair competition" as defined by Section 17200 includes three prongs of wrongful conduct, including an unlawful, unfair and/or fraudulent business practice.

102. Defendant engaged in conduct which constitutes unlawful, unfair and/or

fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited the UCL.

103.   Defendant engaged in a pattern of **"unlawful"** conduct by marketing, manufacturing, and distributing Defendant's Hand Sanitizer in violation of California's Consumer Legal Remedies Act, Civil Code § 1750, *et seq.* and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq.*, as well as other Federal regulations.

104.   Defendant violated the above-referenced statutes by falsely representing that its product killed 99.99% of germs, when in fact the product did not do so.

105.   Defendant had other reasonably available alternatives to further its business interests, other than the unlawful conduct described herein.

106.   By participating in the conduct alleged above, Defendant engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

107.   Defendant also engaged in a pattern of **"unfair"** conduct by making misrepresentations to Plaintiff and the Class members to earn their business and have an unfair economic advantage over their competitors in the marketplace. Had Plaintiff and the putative class members been informed that Defendant's Hand Sanitizer did not eliminate 99.99% of germs, they would not have purchased the product or would have purchased a different product.  In other words, through its unfair conduct, Defendant earned the business of Plaintiff and the putative Class members by using deceptive advertising, which placed competitors at a disadvantage.

108.   Plaintiff and Class members could not have reasonably avoided the injuries they and they were harmed in that they paid a price premium for the Hand Sanitizer.

109.   Defendant also engaged in a pattern of **"fraudulent"** conduct by misrepresenting to the public that its product killed 99.99% of germs, when, in fact, it did not.  This presents an ongoing threat to consumers because consumers will continue to be misled by the product defendant offers in stores and on its website.

CLASS ACTION COMPLAINT

BEZDIK KASSAB LAW GROUP

BEZDIK KASSAB LAW GROUP

110.   Defendant's advertising is also unfair, deceptive, untrue, and/or misleading within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, in that consumers are led to believe that Defendant's Hand Sanitizer kills 99.99% of germs, when, in fact, the product does not do so, as alleged herein.

111.   Plaintiff and other reasonable consumers are likely to be, and were, deceived and mislead by Defendant's advertising of its product, as killing 99.99% of germs.

112.   As a direct and proximate result of Defendant's unlawful, unfair and fraudulent conduct described herein, Defendant received and continues to receive an unfair economic competitive advantage over its competitors.

113.   Plaintiff and the putative Class members suffered an injury in fact because Plaintiff's money was taken by Defendant as a result of Defendant's false representations as set forth on the product's label and Defendant's website.

114.   Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent, and constitute multiple violations of California's UCL.

115.   In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees and costs.

## THIRD CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

### (As Against Defendant and DOES 1-10)

116.   Plaintiff re-alleges and hereby incorporates by reference each and every foregoing allegations as though fully set forth herein.

117.   Beginning at a date currently unknown, but at least within the last 4 years of the fling of the Complaint, and continuing to the time of the filing of this Complaint, Defendant represented to Plaintiff and others similarly situated, through product packaging, labeling and advertising, that Defendant's Hand Sanitizer killed 99.99% of germs.

118.   Defendant made these representations knowing, or having reason to know,

1   that its product did not kill 99.99% of germs.

2       119.   Defendant acted with the intent to induce Plaintiff and putative Class

3   members, to purchase Defendant's Hand Sanitizer.

4       120.   Plaintiff and the putative Class members relied upon Defendant's

5   representations when deciding to purchase Defendant's product.

6       121.   At all times relevant, Defendant knew or should have known that such

7   representations were false and Defendant had no reasonable basis for believing the

8   representations to be true.

9       122.   As a proximate result of Defendant's conduct, Plaintiff and the Class

10  members were induced to purchase Defendant's Hand Sanitizer due to the unlawful acts

11  of Defendant.

12  **<u>FOURTH CAUSE OF ACTION</u>**

13  **INTENTIONAL MISREPRESENTATION**

14  **(As Against Defendant and DOES 1-10)**

15      123.   Plaintiff re-alleges and hereby incorporates by reference each and every

16  foregoing allegation, as though fully set forth herein.

17      124.   Beginning at a date currently unknown, but at least within the last 4 years of

18  the filing of this Complaint, and continuing to the time of the filing of this Complaint,

19  Defendant intentionally represented to Plaintiff and others similarly situated, through

20  product packaging, labeling and advertising at its brick and mortar stores and on its

21  website Target.com, that Defendant's Hand Sanitizer killed 99.99% of germs.

22      125.   Defendant acted intentionally by marketing its Hand Sanitizer as one that

23  kills 99.99% of germs.

24      126.   The FDA found there is no evidence that shows alcohol-based hand

25  sanitizers like Target's Hand Sanitizer kills 99.99% of germs.

26      127.   By including the statement on its label that the Hand Sanitizer kills more

27  than 99.99% of germs and comparing its Hand Sanitizer to Purell's, Defendant is

28  implying that the product prevents the spread of viruses, for which there is no evidence.

BEZDIK KASSAB LAW GROUP

CLASS ACTION COMPLAINT

128.    Defendant knew or had reason to know such representations were false, and continued to advertise its product in a false or misleading way.

129.    Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's product.

130.    As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the putative Class members were damaged in an amount to be determined at trial.

131.    Defendant's egregious conduct was malicious and therefore Plaintiff and the Class members are entitled to recover punitive damages.

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF CA CIV. CODE. §§ 1750, *ET SEQ.*

### (As Against Defendant and DOES 1-10)

132.    Plaintiff re-alleges and hereby incorporates by reference each and every foregoing allegation, as though fully set forth herein.

133.    Civil Code section 1750, *et seq.*, The Consumer Legal Remedies Act ("CLRA"), identifies "unfair or deceptive" practices in a "transaction' relating to the sale of "goods" or "services" to a "consumer."  The Legislature's intent in promulgating the CLRA is expressed in Civil Code section 1760, which provides, *inter alia*, that its term are to be "Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."

134.    Defendant and Plaintiff are each "person[s]" as defined in Civil Code section 1761(c).

135.    Defendant's Hand Sanitizer constitutes a "good" as defined in Civil Code section 1761(a).

136.    Plaintiff and the Class members are each "consumer[s]" as defined in to Civil Code section 1761(d).

137.    Plaintiff and the Class members' purchase of Defendant's Hand Sanitizer

BEZDIK KASSAB LAW GROUP

constituted a "transaction" as defined by Civil Code section 1761(e).

138.   The CLRA prohibits, as unlawful, the "following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale of lease of goods or services to any consumer":

     a.   "Misrepresenting the affiliation, connection or association with or certification by, another."  Civil Code section 1770(a)(3).

     b.   "Representing that goods…have…characteristics, ingredients, uses, benefits, …that they do not have…" Civil Code section 1770(a)(5).

     c.   "Advertising goods or services with intent not to sell them as advertised."  Civil Code section 1770(a)(9).

139.   Defendant violated these provisions of the CLRA by representing on its labels, both online and in stores, that its product kills 99.99% of germs.

140.   On information and belief, Defendant's committed these violations knowing that the alleged conduct was wrongful.  Defendant was motivated solely for Defendant's self-interest, monetary gain and increased profit.

141.   On information and belief, Defendant committed these acts knowing the harm that would result to Plaintiff and the Class, and Defendant engaged in such unfair and deceptive conduct despite having such knowledge.

142.   As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

143.   Plaintiff anticipates amending the complaint to include actual damages at a later time, after Defendant is given the period to cure its conduct under the CLRA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself, and on behalf of the putative Class members, respectfully requests the Court grant the following relief against Defendant:

1.   An order confirming that this action is properly maintainable and certified

BEZDIK KASSAB LAW GROUP

as a Class Action;

2. An order appointing Plaintiff as the Class Representative and Bezdik Kassab Law Group as counsel for the Class;

3. An order requiring Defendant to bear the cost of Class notice;

4. An order declaring that the conduct complained of herein violates the consumer protection statutes raised herein;

5. An order requiring imposition of a constructive trust and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to the Plaintiff and the members of the class all funds acquired by means of any act or practice declared by this court to be unlawful, fraudulent or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

6. Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;

7. Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;

8. A temporary, preliminary, and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue its false and/or misleading statement/s; and (ii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices;

9. Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;

10. An order requiring Defendant to conduct corrective labeling and Advertising;

11. An award of punitive damages in an amount to be proven at trial;

12. Pre-judgment interests from the date of filing of this lawsuit;

13. Plaintiff and each member of the putative Class recover their attorney's

BEZDIK KASSAB LAW GROUP

fees and costs of suit.

## FIRST CAUSE OF ACTION

## CA BUS. & PROF. CODE §§ 17500, *ET SEQ.*

1.    Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203;

2.    Reasonable attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and

3.    Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION

## CA BUS. & PROF. CODE §§ 17200, *ET SEQ.*

1.    An award of general, compensatory, special and punitive damages according to proof;

2.    Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535;

3.    Reasonable attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and

4.    Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

## THIRD CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

1.    A judgment against Defendant for general and compensatory damages in an amount to be determined at trial; and

2.    Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

## FOURTH CAUSE OF ACTION

## INTENTIONAL MISREPRESENTATION

1.    A judgment against Defendant for general and compensatory damages in an amount to be determined at trial;

2.    Punitive damages pursuant to Cal. Civ. Code § 3294; and

BEZDIK KASSAB LAW GROUP

3.     Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

## FIFTH CAUSE OF ACTION

## CA BUS. & PROF. CODE § 17500, *ET SEQ.*

1.     Injunctive relief, restitution and punitive damages pursuant to Cal. Civ. Code § 1780(a);

2.     Reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1780(d); and

3.     Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff demands a trial by jury on all claims for damages.

Dated:  March 20, 2020             **BEZDIK KASSAB LAW GROUP**

By:  */s/ Raffi Kassabian*
Sareen Bezdikian
Raffi Kassabian
Attorneys for Plaintiff

BEZDIK KASSAB LAW GROUP

CLASS ACTION COMPLAINT